REUBEN WHITNEY, *in error, versus* JAMES M. BALKAM.

Parol evidence is inadmissible to prove, that a militia company had been without any commissioned officer for the term of three months, for the purpose of showing the authority of the commander of the regiment, under the provisions of the Stat. 1837, c. 276, to detail an officer to train and discipline the company ; a copy of the record of the proceedings of the commander-in-chief in relation to the officers of such company being better evidence.

THIS was a writ of error brought by Whitney to reverse a judgment of a justice of the peace, rendered against him in a suit brought by Balkam, as adjutant of the regiment, detailed by the commander thereof to train and discipline a company of militia, which was alleged to have been without any commissioned officer for the term of three months, to recover a penalty for the non-appearance of Whitney at a company training.

Several causes of error were assigned but no statement of them is necessary, as the ground of the reversal of the judgment is seen in the opinion of this Court.

*Fuller,* for the plaintiff in error, remarked that as no counsel appeared in behalf of the original plaintiff, he should submit the case without argument on his part.

The opinion of the Court was by

SHEPLEY J. — By the act of March 28, 1837, c. 276, the commanding officer of the regiment was authorized to detail an officer to train and discipline any company of militia, that should have remained without any commissioned officer for the term of three months. The plaintiff was detailed to train and discipline the Milltown company of infantry in Calais.

The only evidence introduced to prove, that the company had been without commissioned officers for that term of time, was the testimony of one, who had been clerk of the company, that Bradbury was the last commissioned officer, and that he was discharged in 1833.  The defendant contended, that the authority of the commander of the regiment to detail an officer for that purpose could not be established by such testimony.

A private of a company may know the fact, that there is no person acting as a commissioned officer of the conpany ; but he can have no certain knowledge, whether an officer has been duly commissioned or legally discharged.  These are matters to be determined with certainty only by the record of the proceedings of the commander-in-chief.  A copy of that record might have been obtained, and it would have been  better evidence of the fact, than the testimony of a private of the company.  As the plaintiff did not introduce legal proof, that the commanding officer of the regiment was authorized by law to detail him for the performance of those duties, the judgment of the justice is reversed.